IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------------
                                                    :
In re:                                              :    Chapter 11
                                                    :
                                                    :    Case No. 16-31959
JUNIPER GTL LLC[1]                                  :
                                                    :
                                                    :
          Debtor.                                   :
---------------------------------------------------------------

**DEBTOR'S EMERGENCY MOTION FOR AN**
**ORDER ESTABLISHING CERTAIN NOTICE PROCEDURES**

**NOTICE UNDER BLR 9013-1(b) AND 9013-1(i)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.**
**UNLESS THE PARTIES AGREE OTHERWISE, THE BANKRUPTCY COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

[1] The last four digits of the Debtor's federal tax identification number is 3161. The Debtor's mailing address is 3 Riverway, Suite 1050, Houston, Texas 77056.

28195090.v3

Juniper GTL LLC (the "Debtor"), pursuant to sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), files this *Emergency Motion for an Order Establishing Certain Notice Procedures* (the "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") establishing orderly and efficient noticing procedures in the Debtor's chapter 11 case. In support of this Motion, the Debtor relies upon and incorporates by reference the *Declaration of David Rush in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The bases for the relief requested herein are Bankruptcy Code sections 105(a) and Bankruptcy Rule 9007.

## BACKGROUND

**A. General Background**

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner. No official committee has been designated or appointed.

4.      A description of the Debtor's business and the reasons for filing this chapter 11 case are set forth in the First Day Declaration filed on the Petition Date and incorporated by reference as if fully set forth herein.

**B.  Specific Background**

5.      The Debtor has identified approximately 350 parties in interest to whom notice must be given under the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"). Such notice would be extremely burdensome to the Debtor, costly to its estate and, in many instances, unnecessary, as many matters have no bearing on certain parties.  Accordingly, the Debtor requests that the Court approve the proposed Notice Procedures (defined below) that will afford due and adequate notice to all parties in interest without burdening the Debtor's estate with substantial administrative costs.  The Notice Procedures are consistent with similar procedures approved in this district (and other courts) and provides proper due process pursuant to the Bankruptcy Rules.

**C.  Proposed Notice Procedures**

6.      The Debtor proposes that the Court establish the following procedures for the administration of the Debtor's chapter 11 case (the "Notice Procedures"):

   i.   The Debtor shall create and maintain a master service list (the "Master Service List") that would include the following parties or their counsel, if requested:

   a)   the Debtor and the Debtor's counsel;

   b)   the Office of United States Trustee for Region 7 (the "U.S. Trustee");

   c)   the Debtor's 20 largest unsecured creditors;

   d)   the Debtor's debtor-in-possession financing lender;

   e)   the holders of liens against the Debtor's property;

  f)  the Office of the United States Attorney for the Southern District of Texas;

  g)  the Internal Revenue Service;

  h)  all statutory committees appointed in this case;

  i)  all parties requesting notice under Bankruptcy Rule 2002; and

  j)  all parties on whom the Court orders notice.

The Debtor's initial Master Service List is attached hereto as **Exhibit B**. The Debtor will update the Master Service List to include those persons or parties that have made a written request to be included on the Master Service List: (i) every seven (7) days during the first thirty (30) calendar days of this case, (ii) every fifteen (15) days during the next sixty (60) calendar days and (iii) monthly thereafter throughout the pendency of this case. The Debtor will file with the Court a notice of each updated Master Service List.

The Debtor shall serve each party listed on the Master Service List with a copy of (a) every motion, application, notice, brief, objection, response, memorandum, affidavit, declaration or other writing filed by or on behalf of the Debtor in this case and (b) all notices and orders entered by the Court or the Clerk of the Court (each a "Filing" and collectively, the "Filings"). The Debtor shall serve the parties on the Master Service List with a copy of each Filing by either first-class U.S. mail, email or facsimile, with the method of service to be determined in the Debtor's sole discretion. Upon completion of noticing, the Debtor shall file with the Court either an affidavit or certification of service and an attached list of parties receiving notice within three (3) business days of service.

ii. Parties filing pleadings and other documents with the Clerk of the Court shall serve the parties on the Master Service List by first-class U.S. mail or hand delivery. Parties may, alternatively, serve all pleadings or other documents by email or facsimile upon parties listed on the Master Service List if the Master Service List includes the party's email or facsimile information. For the avoidance of doubt, the Debtor shall not be obligated to serve any pleading or other document filed by another party unless specifically ordered by the Court.

iii. The proceedings with respect to which notice would be limited to the Master Service List shall include all matters covered by Bankruptcy Rule 2002, with the exception of the following: (i) the Order approving the Notice Procedures; (ii) notice of the first meeting of creditors pursuant to Bankruptcy Code section 341; (iii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iv) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure

28195090.v3    4

       statement and confirmation of a plan of reorganization; and (v) notice and transmittal of ballots for accepting or rejection a plan of reorganization. Notice of the foregoing matters would be given to all parties-in-interest listed on the Debtor's creditor matrix (the "Creditor Matrix") by first-class U.S. mail, email, or facsimile.

iv.    Additionally, with respect to parties not listed on the Master Service List but whose rights may be directly affected by a particular Filing (an "Affected Party"), the Debtor will serve that Filing on the Affected Party. by first-class U.S. mail, email, or facsimile.

**RELIEF REQUESTED**

7.    The Debtor submits this Motion pursuant to Bankruptcy Code sections 105(a) and Bankruptcy Rule 9007, and requests that the Court (a) establish the Notice Procedures to provide an orderly and efficient process for notice to parties in interest and (b) enter the Order substantially in the form attached hereto as Exhibit A.

**BASIS FOR RELIEF REQUESTED**

8.    Bankruptcy Code section 105(a) provides that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). In addition, Bankruptcy Rule 9007, grants the Court authority to regulate notices in a manner that avoids unnecessary costs and delay. *See* Fed. R. Bankr. P. 9007.

9.    Approval of the Notice Procedures is in the best interests of the Debtor's estate. The Notice Procedures will not impair the right of a party whose interest is directly affected by a particular matter to receive all Filings related to that matter. By contrast, the Notice Procedures will provide adequate notice to parties in interest, while preserving estate assets that otherwise would be consumed by unnecessary copying, postage and related expenses.

10.    Courts within this District regularly approve procedures substantially similar to the proposed Notice Procedures. *See*, *e.g.*, *In re BPZ Resources, Inc.*, Case No. 15-60016, Docket No. 28 (Bankr. S.D. Tex. Mar. 10, 2015); *In re Buccaneer Res., LLC*, No. 14-60041,

Docket No. 15 (Bankr. S.D. Tex. June 2, 2014); *In re Autoseis, Inc.*, No. 14-20130, Docket No. 70 (Bankr. S.D. Tex. Mar. 28, 2014); *In re ATP Oil & Gas Corp.*, No. 12-36187, Docket No. 132 (Bankr. S.D. Tex. Aug. 17, 2012); *In re Seahawk Drilling, Inc.*, No. 11-20089, Docket No. 49 (Bankr. S.D. Tex. Feb. 14, 2011).

## NOTICE

11. Notice of this Motion has been provided to: (i) the U.S. Trustee, (ii) counsel for the Debtor's DIP lender, (iii) the Debtor's twenty (20) largest unsecured creditors, and (iv) all parties entitled to notice pursuant to Local Rule 9013-1(d). Due to the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor requests this Court (a) enter the Order, substantially in the form of Exhibit A, granting the relief requested herein and (b) grant such other and further relief as the Court may deem just, proper, and equitable.

Date: April 14, 2016
Houston, Texas

/s/ Mark W. Wege
Mark W. Wege (Texas Bar No. 21074225)
Edward L. Ripley (Texas Bar No. 16935950)
Jason S. Sharp (Texas Bar No. 24079897)
KING & SPALDING, LLP
1100 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  713-751-3200
Facsimile:  713-751-3290
Email: MWege@kslaw.com
         ERipley@kslaw.com
         JSharp@kslaw.com

*Proposed Counsel for the Debtor and Debtor in Possession*